ZACHARIAH DEPUTY *vs.* J. ALEXANDER HARRIS and GEORGE S. GRIER, composing the firm of J. ALEX. HARRIS & COMPANY.

Kent County, April Term, 1893.

**Partnership. Evidence.**—Where a suit is between the partners themselves, strict proof of the existence of the partnership is required.

**Same.**—When the suit is by a third person against an alleged partner, all the facts and circumstances from which the existence of a partnership may be fairly and reasonably inferred are admissible.

**Same.**—Partnership may be proved by general reputation.

Statement.

Same.—In an action to recover on the claim that credit was induced by a party's holding himself out as a partner in a firm, the plaintiff's *belief* as to the existence of such partnership is immaterial and not proper to go in evidence.

Same.—Where a notice of such partnership is published and brought to the attention of the alleged partner, who neither denies nor affirms it, he is affected by such notice and the same is admissible as evidence in the cause.

Same.—Proof of general reputation that two persons were partners cannot be rebutted by evidence that one of them had been sued by others as doing business alone under the firm name.

Evidence.—Proof of general reputation cannot be rebutted by evidence of specific facts, but only by general reputation.

This was an action of assumpsit against an alleged partner in a fruit canning firm of Milford, Delaware. The active partner, Harris, having absconded and left many of the firm's debts unsettled, the creditors brought suit against George S. Grier as a partner. The evidence in the case showed certain admissions and acts on the part of the defendant which the plaintiff contended established the fact that Grier was either an actual partner or was so holding himself out to the public.

*Pennewill*, for the plaintiff, inquired of the witness, Zachariah Deputy, "Did you deal with this firm on the belief that George S. Grier was a member of that firm?"

· *Cullen*, for defendant, objected.

LORE, C. J.   It is immaterial what his belief was. Anything that Mr. Grier has said or done which goes to show that he was a partner with Harris is admissible; but it must be a fact; something tangible. The objection is sustained.

Joshua H. Hill, another witness for plaintiff, was asked by *Mr. Pennewill*, "Were Grier and Harris generally considered and known in that neighborhood, in 1889, as partners?"

This was also objected to by defendant's counsel as immaterial.

*Pennewill* cited *Gilpin vs. Temple,* 4 Harring. 190.

LORE, C. J.  We think it is admissible under that decision of the Court of this State; but it was going to a very extraordinary limit.  A man ought not to be bound by what people think, his acts alone ought to bind him.  In the case cited the Court appears to have based the admission of this proof entirely upon a new York case in Wendell.  We will not refuse now to admit it because it is in line with this authority of our own court, but we do not know what would be the result if exceptions were taken.

Theodore Townsend, publisher of the " Milford Chronicle," being produced by *Mr. Causey* for plaintiff, testified that the following notice was brought to him by Mr. Harris to be published in said paper : " A change has been announced in the canning firm of J. Alexander Harris & Co.  Mr. George S. Grier will be an active partner in the business this coming season.  So Mr. Harris informs us " ; that it was inserted in one issue only, and paid for by Mr. Harris.  (Grier was a subscriber to said paper, but there was no evidence that he had actually seen the notice) ; that after its publication Mr. Grier called at the " Chronicle " Office and inquired as to the nature of the notice; that witness read the notice to Mr. Grier and the latter neither affirmed nor denied it.

Under the above proof *Mr. Causey* offered the said notice in evidence.

*Lofland,* for defendant, objected.

LORE, C. J.  We excluded this before upon the ground that the presumption that this man saw it in one issue was asking us to stretch very far.  It was only upon his knowing something of it that he was bound by it.  Now it is brought to his attention, and he is silent—does not deny it.  He is affected by notice.  For whatever it is worth it goes to the jury.

CULLEN, J.  I take a different view.  It seems to me that it is a mere rumor published in the editorial column by the editor of

the paper. It is not a case where the party is accused and in which it is necessary for him to come forward and admit or deny it. It is a mere matter that is stated by some person to another without authority of any kind whatever, and I therefore believe myself that it is not admissible.

GRUBB, J.  The ground on which I think it is admissible is this: It is a general rule of law that a man's admissions may be by acquiescence. Whenever a thing is brought to his attention, especially when he seeks it—and in this case where it is brought to his attention by the man who published it—if he keeps silent and does not deny it, in law it implies that he assented to it and admitted it, which may be shown by silent acquiescence as well as by open admission.

In order to rebut the proof of general reputation adduced by the plaintiff, *Cullen*, for the defendant, produced William D. Fowler, a Justice of the Peace of Milford, Del., and asked the question: Were there not several suits of foreign and domestic attachment proceedings instituted before you against J. Alexander Harris, trading as J. Alexander Harris & Co., some time in the latter part of the year 1889?

LORE, C. J.  Was this plaintiff one of those?

*Mr. Cullen.*  No, sir.

*Pennewill,* for plaintiff, objected; contending that whatever any stranger to this proceeding might have done was utterly irrelevant.

CULLEN, J.  Whatever others may do he is not bound by. But do not the proceedings bring up the question of partnership? If you recover anything against Mr. Grier, you recover only by showing that he was a general or a quasi partner. You have here in your proof sought to charge him in both the capacities. You proved by general reputation that Mr. Grier was considered a partner. Have not the other side the right, in reply to that, to show anything which proves to the contrary that he was not? They offer to show here by some sixty suits brought against J. Alexander Harris, trading under the firm name of J. Alexander Harris &

Co., that these parties recognized Harris as a party. This certainly shows facts which go as a link in the chain as connected with other matters, to contradict the proof to the effect that he was a general partner.

GRUBB, J. I take this as secondary evidence—Harris may have told them. The best method is to bring those gentlemen on the stand and show the evidence of general reputation, leaving those records out entirely.

LORE, C. J. A majority of the Court think this is not admissible for the purpose offered; that is, of negativing the proof of general reputation. Reputation is defined to be the concurrence of many voices to the same fact. When that is proved, the reply to it must be, not by specific facts, but general reputation. You may bring any number of witnesses, if you have them, from the town of Milford to say that he was regarded and known in that neighborhood as a partner. You may rebut that by like proof, but you cannot rebut it by any isolated case here or there; that would destroy the whole question of general reputation. It is on the one hand that he was reputed in that place as a partner, and on the other hand the proof must be that he was not so reputed.

There is only one way in which this testimony can be admissible: if you have put on this stand any one of the parties to this suit and he has sworn here that the general reputation of these parties in Milford was that they were partners, you may show, if you can, by that book—the record of the Justice—that he swore differently at some other time, and contradict him by it. But general reputation cannot be negatived by specific facts; it must be general reputation in reply.

LORE, C. J. (charging the jury).

The only question of fact for the jury in this case is, were George S. Grier and J. Alexander Harris actually partners, or did Grier so hold himself out as a partner as to induce the credit of the plaintiff in this action.

The law governing this subject is well settled by the decisions

of our own State, and we find it nowhere more lucidly expressed.

"What will constitute a partnership is a matter of law, but whether it exists according to the legal definition, is a question of fact to be determined by the jury. Where the suit is between the partners themselves, strict proof of the existence of the partnership, of the community of profits and losses, and of the contract of co-partnership itself, is required. But when the suit is by a third person against another who is alleged to be a partner, as in this case, the proof required was different. In such a case all the facts and circumstances from which the existence of a partnership may be fairly and reasonably inferred are to be considered by the jury; as, where the party sought to be charged in the action as a partner has admitted the alleged partnership, or has dealt with others as a member of the partnership, or has held himself out in any way, or has represented himself, or obtained or sought to obtain credit for himself or the firm, as a partner, or has jointly participated in the profits of the firm, a partnership may be inferred. *Gilpin vs. Temple*, 4 Harring. 192; *Davis vs. White*, 1 Houst. 228.

The law on this subject, well established by authority, may be stated thus: The ground of liability of a person as partner who is not so in fact, is that he has held himself out to the world as such, or has permitted others to do so, and by reason thereof is estopped from denying that he is one as against those who have, in good faith, dealt with the firm or with him as a member of it. But it must appear that the person dealing with the firm believed, and had a reasonable right to believe, that the party he seeks to hold as a partner was a member of the firm and that the credit was to some extent induced by this belief. It must also appear that the holding out was by the party, sought to be charged, or by his authority or with his knowledge or assent. This where it is not the direct act of the party may be inferred from circumstances, such as from advertisements, shop-bills, signs or cards, and from various other acts from which it is reasonable to infer that the holding out was with his authority, knowledge, or assent. And whether a defendant has so held himself out, or permitted it to be

done, is in every case a question of fact, and not of law.    *Fletcher vs. Pullen & Co.*, 70 Md. 205.

If, therefore, gentlemen, you believe from the evidence that George S. Grier was a partner with J. Alexander Harris, or held himself out as such, and by such holding out induced the credit of the plaintiff in this case, your verdict should be for the plaintiff, for the amount of his claim ; otherwise your verdict should be for the defendant.

*The plaintiff had a verdict.*

*Causey, Ridgley* and *Pennewill* for plaintiff.

*Lofland* and *Cullen* for defendant.